LOLLEY, J.
 

 [¡In this worker’s compensation claim, defendant, Pilgrim’s Pride Corporation (“Pilgrim’s Pride”), appeals the decision of the Office of Workers Compensation, First District East, Parish of Ouachita, State of Louisiana, which found in favor of claimant, Jerome Goldsby. For the following reasons, we affirm in part and reverse in part.
 

 FACTS
 

 Jerome Goldsby, a former line employee of Pilgrim’s Pride, filed a disputed claim for compensation on February 23, 2007, alleging injury to his hands as a result of an accident on April 4, 2005. Goldsby amended his claim in February 2008 seeking cervical fusion surgery to treat his neck pain. Pilgrim’s Pride does not dispute the claimant’s bilateral carpal tunnel syndrome and paid indemnity and medical benefits accordingly. However, Pilgrim’s Pride does take issue with Goldsby’s claim that his neck condition is work-related. Goldsby contends that he started having neck problems due to an injury on or about April 4, 2005, when he felt sharp pain in his neck as a result of putting a marination tank together. Ultimately, Goldsby’s treating physician recommended cervical fusion surgery to relieve his pain.
 

 The matter went to trial, and the Workers’ Compensation Judge (“WCJ”) found Goldsby was entitled to the cervical surgery, as well as temporary benefits from February 9, 2006, through the present,
 
 *971
 
 until released to return to work following surgery. In addition, the WCJ awarded attorney’s fees and penalties against Pilgrim’s Pride. Pilgrim’s Pride now appeals.
 

 RLAW AND DISCUSSION
 

 Factual findings in a worker’s compensation case are subject to the manifest error or clearly wrong standard of appellate review.
 
 Player v. International Paper Company,
 
 39,254 (La.App.2d Cir.01/28/05), 892 So.2d 781. In applying the manifest error/clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993). A plaintiff in a workers’ compensation action has the burden of establishing a work-related accident by a preponderance of the evidence.
 
 Graham v. Nissan,
 
 39,656 (La.App.2d Cir.06/29/05), 907 So.2d 213.
 

 The worker’s testimony alone may be sufficient to satisfy this burden, provided that two elements are satisfied: first, there must be no other evidence which discredits or casts serious doubt on the worker’s version of the incident; and second, the worker’s testimony must be corroborated by the testimony of fellow workers, his spouse and other close family members, friends, or the introduction of medical evidence.
 
 Kidd v. Brown Radiator & Frame,
 
 38,729 (La.App.2d Cir.12/22/04), 890 So.2d 796,
 
 writ denied,
 
 2005-0172 (La.03/24/05), 896 So.2d 1042.
 

 Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the WCJ.
 
 Lewis v. Chateau D’Arbonne Nurse Care Center,
 
 38,394 (La.App. 2d Cir.04/07/04), 870 So.2d 515. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact | ¡¡should not be disturbed upon review, even though the appellate court may feel its own inferences and evaluations are as reasonable.
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989).
 

 Louisiana R.S. 23:1301 provides:
 

 No proceeding under this Chapter for compensation shall be maintained unless notice of the injury has been given to the employer within thirty days after the date of the injury or death. This notice may be given or made by any person claiming to be entitled to compensation or by anyone on his behalf.
 

 Louisiana R.S. 23:1305 provides:
 

 A notice given under this Subpart shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature, or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his detriment thereby. Lack of notice or delay in giving notice shall not be a bar to proceedings under this Chapter if it is shown that the employer, or his agent or representative, had knowledge of the accident or that the employer has not been prejudiced by such delay or lack of notice.
 

 The workers’ compensation law recognizes that the significance of an injury may not be immediately apparent and provides for a limited extension of the prescriptive period when the injury does not “develop immediately after the accident.” La. R.S. 23:1209(A).
 

 Work-Related Accident
 

 Pilgrim’s Pride argues that the WCJ erroneously found in favor of Golds-by and specifically contends that none of Goldsby’s treating physicians’ records nor the Pilgrim’s Pride plant records document support of any accident or injury that
 
 *972
 
 would give rise to Goldsby’s neck pain. Pilgrim’s Pride asserts that Goldsby’s neck pain is related to a degenerative disc disease, which is specifically excluded from the classification of an ^occupational disease granted coverage under the worker’s compensation statutes.
 
 See
 
 La. R.S. 23:1031.1(B)
 

 Here, the WCJ not only found that Goldsby’s testimony was persuasive but more importantly that it was credible. Goldsby testified that he sustained an injury to his neck while he was putting together a marination tank. In an affidavit, Kin-yada Gipson, a former coworker, stated that she recalled Goldsby informing her that he injured his hands and neck while working at Pilgrim’s Pride on or about April 4, 2005. Goldsby’s wife also recollected that Goldsby hurt his neck at work and explained it happened while working on the marination tank. Since Goldsby’s claim was corroborated by Gipson and his wife, we cannot find that the WCJ was manifestly erroneous in her determination, by a preponderance of the evidence, that a work-related accident occurred giving rise to his neck problems.
 

 Furthermore, issues with Goldsby’s neck and shoulders were documented as early as 2005. After being approved by Pilgrim’s Pride, Goldsby started going to physical therapy to help with his carpal tunnel syndrome; however, the medical records document therapy for his neck and shoulders as well. Goldsby saw several physicians and completed several tests for his continuing neck pain including to rule out that an “accident” was the cause of his neck pain. Three years later one of Golds-by’s physicians, Dr. Donald Smith, opined in his deposition that even if Goldsby had a cervical degenerative disease, it “may be relatively or completely asymptomatic until a specific episode of injury may aggravate that and | .¡subsequently require some therapy.” According to Dr. Smith’s findings, Goldsby’s medical records “were not inconsistent with that scenario based on the history.” It is well-settled an employer is liable for workers’ compensation when the initial injury is aggravated by medical complications or a subsequent injury, if the complications are caused by the work-related injury.
 
 Allor v. Belden Corp.,
 
 393 So.2d 1233 (La.1981);
 
 Brooks v. Madison Parish Service Dist. Hosp.,
 
 41,-957 (La.App.2d Cir.03/07/07), 954 So.2d 207,
 
 writ denied,
 
 2007-0720 (La.05/18/07), 957 So.2d 155. At the very least, Dr. Smith’s testimony supports the claim that Goldsby’s issues could manifest itself after a work-related accident.
 

 While Pilgrim’s Pride makes much of the fact that Goldsby’s accident with the “marination tanks” was not mentioned in any medical records, the WCJ found Goldsby’s testimony to be more persuasive. Furthermore, the Louisiana Supreme Court has found that a delay in reporting an injury is not fatal to a claim for compensation; rather, under appropriate circumstances it may be more corroborative of a claimant’s initial unawareness of the seriousness of the injury resulting from the first incident than it is any cause to doubt the claimant’s credibility about its occurrence.
 
 See West v. Bayou Vista Manor, Inc.,
 
 371 So.2d 1146, 1150 (La.1979). Goldsby may not have realized the gravity of his condition that resulted in the neck and shoulder pain since the medical records indicate his acute pain originally stemmed from his hands and wrists.
 

 In addition, Pilgrim’s Pride asserts that Goldsby’s cervical disc disease was a preexisting condition; however, we did not find that there | fiwas any proof offered by defendants establishing that he was actively suffering from, or being treated for, any neck or cervical pain prior to receiving treatment for his wrists. So considering,
 
 *973
 
 after a thorough review of the record, we cannot find that the WCJ was clearly wrong in her findings.
 

 Penalties and Attorney’s Fees
 

 Pilgrim’s Pride appeals the WCJ’s grant of penalties and attorney’s fees and argue that they were not warranted. We agree.
 

 Failure to make timely payments subjects an employer to penalties and attorney’s fees unless the claim is reasonably controverted. La. R.S. 23:1201. For a claim to be reasonably controverted, an employer must have some valid reason or evidence upon which to base its denial of benefits.
 
 Brown v. Texas-LA Cartage, Inc.,
 
 1998-1063 (La.12/01/98), 721 So.2d 885. The employer must have engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the information presented by the claimant.
 
 Id.
 
 The determination that penalties and attorney fees are warranted is determined based on the facts known by the employer at the time of its refusal.
 
 Spence v. Industrial N.D.T.,
 
 31,744 (La.App.2d Cir.03/31/99), 731 So.2d 473. The assessment of penalties and attorney fees is a finding of fact which should not be disturbed on appeal absent manifest error.
 
 Id.
 

 Here, the record supports that the claim was reasonably controverted and that Pilgrim’s Pride rightfully questioned whether Goldsby’s neck pain was a result from an on-the-job accident. Since Goldsby did not amend his |7claim until February 2008 to indicate that he requested cervical fusion, Pilgrim’s Pride was not “technically” aware of Goldsby’s ongoing neck pain. It is also understandable that Pilgrim’s Pride felt the need to investigate further since the medical documentation does not clearly reflect whether Goldsby fully disclosed the accident to his various physicians. We find this was a non-frivolous legal dispute, and, as such, we reverse the WCJ award of attorney’s fees and penalties.
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the award of attorney’s fees and penalties against Pilgrim’s Pride. In all other respects, we affirm the WCJ’s judgment in favor of Jerome Goldsby. Costs of this appeal are to be borne by Pilgrim’s Pride.
 

 AFFIRMED IN PART, REVERSED IN PART, RENDERED.